## Case No. 1,805.

### The BRAMEN.

[1 Brown, Adm. 161.] [1]

District Court, N. D. Ohio. March Term, 1871.

SEAMEN—WAGES—MORTGAGEE IN POSSESSION.

A mortgagee in possession is liable for the mate's wages.

In admiralty. This was an action brought to recover the wages of libellant as mate, and of his wife as cook, of the scow Bramen during the season of 1870. The action was in personam against Hurst, as the owner of the scow. Hurst denied the ownership and his liability. It appeared from the evidence that the scow was built by one Gabriel, and two men by the name of Stywalt. That, during its construction, they became indebted to the respondent Hurst in a large sum of money, which they secured at first by a mortgage on the scow, and subsequently by an absolute bill of sale, accompanied, however, by a verbal agreement that, upon the payment of the money to Hurst, the vessel should be conveyed back. That, upon the execution of the bill of sale, Hurst took out a new enrollment in his own name, and by his consent Captain Rayman assumed charge and command of the vessel, with the understanding that he would account for her earnings to Hurst. [Decree for libellant.]

Willey, Cary & Terrell, for libellant.
Mix, Noble & White, for respondent.

SHERMAN, District Judge. Upon the state of facts disclosed by the evidence I am satisfied that the bill of sale given by Stywalt and other owners was, and should be treated as a mortgage, and that Hurst held it only as mortgagee. The case turns upon the fact whether the vessel was or was not in his possession, and under his control. If he held it as a mortgagee without possession, the authorities, both in this country and in England, hold that he is not liable for the wages of the officers and crew, or for repairs and supplies. If he was a mortgagee with possession, then, under the English authorities, he would not be liable, unless the supplies were furnished and services performed upon his credit. But by the American authorities (see Hodgson v. Butts, 3 Cranch [7 U. S.] 140; Tucker v. Buffington, 15 Mass. 477; Miln v. Spinola, 4 Hill, 177) he would be held and considered as the owner, and liable for the expenses and supplies. These authorities lay down the principle clearly and distinctly, and must govern this case.

I have carefully examined the evidence, and if, from it, I had any doubt that Hurst had not the possession and control of the vessel after he had received the bill of sale, that doubt would be resolved by the fact that he took out an enrollment of the vessel in his own name, and in doing so swore that he was the true owner, and in actual possession of the same. And thus being the owner, and the vessel running for his benefit, he must be held liable for the wages of the libellant and his wife. Decree for libellant.